Davis, J.,
delivered the opinion of the court:
Compensation is asked for the alleged use in the Navy of a signal invented and patented by Henry H. Coston, assignor to plaintiff.
The petition in this court alleges that defendants, “ well knowingthat the said invention and the letters patent therefor belonged to your petitioner, at once and as early as the year 1877 made and used the said invention, and have continued to do so up to the present time, whereby the United States promised and agreed to pay her a just compensation for the manufacture and use of the said patented invention belonging to her.” The petition sets forth alleged dealings at various times with the Department of the Navy in relation to these signals (Coston was then a lieutenant in the Marine Corps), but it does not state an admission at any time by defendants that they were using the device covered by the Coston patent here under consideration. The petition therefore could be properly dismissed upon demurrer; but as proceedings in this court are not technical it was deemed wiser to proceed to trial upon the merits, as has been done.
There is no jurisdiction in this court over actions “sounding-in tort,” therefore there is no jurisdiction over an action for damages arising from infringement of a patent. To recover here the plaintiff, suing for the use of a patented invention, must show that the action is based upon a contract express or implied. '
It appears from the findings of facts that defendants never assumed to use the “Coston” signal, but always assumed that their signal was the invention of Very, one of their own officers.
In Schilling er's Case (155 U. S. R., p. 163) the Supreme Court (upon appeal from this court) held (after citing certain statutes) as follows: “Under neither of these statutes had or has the Court of Claims any jurisdiction of claims against the Government for mere torts; some element of contractual liability must lié at the foundation of every action.” The court then, citing the cases of Gibbons (8 Wall., 269, 275), Morgan (14 Wall., 531, 534), and Sill (149 U. S., 593, 598), said: “While the act of 1887 is broader than that of 1855, it is equally clear in withholding such jurisdiction. That this action is one sounding in tort is clear. It is in form one to recover damages. The petition charges a wrongful appropriation by the Government, against the protest of the claimants, and prays to recover the damages *448 done by such wrong. The successive allegations place the parties in continued antagonism to each other; and there is no statement tending to show a coming together of minds in respect to anything. * * * The transaction, as stated in the petition and as disclosed by the findings of the court, was a tort, pure and simple.”
The case now at bar falls absolutely within the principle of this decision. The Navy Department never (in fact) used the Coston invention now sued upon, nor did that Department admit that it was using or had used that invention, nor did it make any promise in relation to compensation for the alleged use. On the contrary, defendants used Very’s invention as Very’s invention, and made a contract with Very for the use of his signal as his signal. The only relations sounding in contract presented by this record are between defendants and their officer Very. If defendants, then, can be sued at all for the use of the “ Coston ” invention it must be upon the theory that, the “Very” invention infringed the “Coston” patent. Such an action “sounds in tort” and of it this court has not jurisdiction.
Petition dismissed.